**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS L. HARRISON, | No. 14-15022 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-04665-SI |
| v. | |
| D. MILLIGAN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Marcus L. Harrison, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendants violated his First Amendment rights when they confiscated his mail.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Toguchi v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Chung,* 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Harrison failed to raise a genuine dispute of material fact as to whether defendants' confiscation of his incoming mail was not reasonably related to the prison's legitimate penological interest in prison safety, and as to whether defendants' confiscation of his outgoing mail did not further a substantial governmental interest in prison safety. *See Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989) (setting forth factors for evaluating a First Amendment claim relating to the regulation of incoming mail); *Procunier v. Martinez*, 416 U.S. 396, 413-14 (1974) (setting forth factors for evaluating a First Amendment claim relating to the regulation of outgoing mail), *overruled on other grounds by Thornburgh*, 490 U.S. 401; *see also Beard v. Banks*, 548 U.S. 521, 528-30 (2006) (courts should accord "deference to the views of prison authorities").

Harrison's request for appointment of counsel, as set forth in his opening brief, is denied.

We do not address matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

14-15022